FILED
2024 Feb-29  AM 10:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHERN DIVISON

|  |  |
|---|---|
| CHEQUETTA ROCHELLE SHAW,<br><br>    Plaintiff,<br><br>  v.<br><br><br>NORTH ALABAMA MEDIACL CENTER<br><br>    Defendant. | CIVIL ACTION FILE NO: |

## COMPLAINT AND JURY DEMAND

**COMES NOW** Chequetta Rochelle Shaw ("Ms. Shaw" or "Plaintiff") by and through her undersigned attorney to hereby file this Complaint and Jury Demand for relief and damages against North Alabama Medical Center (hereafter "NAMC" or "Defendant") as follows.

## NATURE OF THE ACTION

1

1.      This action is to correct unlawful employment practices engaged in by Defendant concerning Ms. Shaw, a secretary and a member of the Defendant's personnel team at the North Alabama Medical Center in Florence Alabama.   In this lawsuit, Ms. Shaw brings claims against NAMC for its violation of 42 U.S.C. 2000e *et seq.,* Title VII of the Civil Rights Act of 1964 ("Title VII") for allowing the creation, existence, and persistence of a racially hostile work environment in Ms. Shaw's place of employment that interfered with her job performance and her emotional wellbeing.  She also brings a claim against NAMC pursuant to Title VII concerning its retaliatory termination of her employment for engaging in the protected activity of filing an internal complaint of racial harassment. Moreover, she brings a claim under Title VII against NAMC for terminating her employment on the basis of her religious beliefs. Further, Ms. Shaw brings a claim against NAMC for its violation 42 U.S.C. § 12101 *et seq.,* the Americans with Disabilities Act, as amended ("ADA") by terminating Ms. Shaw because of disability.  Lastly, she brings this lawsuit against NAMC for its violation of 28 U.S.C. 2601 *et. seq.* the Family and Medical Leave Act ("FMLA") on the basis that NAMC interfered with her rights under the FMLA and retaliated against her by terminating her employment for engaging in the protected activity of requesting FMLA leave.

2.      Around August 2, 2022, during a discussion with a traveling registered nurse named Kyle, who is white, regarding potassium pills and various foods that can increase potassium levels, Ms. Shaw expressed her fondness for bananas.   Dr. Robert Flowers ("Dr. Flowers"), who is white, who worked for NAMC overheard the conversation and then said to her "Do you like bananas?".  When Ms. Shaw responded "yes", Dr. Flowers began making monkey sounds.

3.      Dr. Flowers' question and monkey sounds were unwelcome. Ms. Shaw was deeply offended and humiliated by Dr. Flowers' overt racially derogatory behavior.

4.      References to monkeys have been used in derogatory racial tropes and imaginary of African Americans through out U.S. History to insult, demean and dehumanize African Americans.

5.      Furthermore, on August 2, 2022, Ms. Shaw overheard Dr. Flowers asking Jordan Rodgers, RN (an African American man), if he would consider it racist if he requested watermelon and fried chicken. Dr. Flowers then approached Ms. Shaw from behind while her back was turned and posed the same question.

3

6. After making these racially derogatory statements, Dr. Flowers walked away and Ms. Shaw observed him laughing. Dr. Flowers' racial comments and laughter were unwelcome and deeply offensive and humiliating to Ms. Shaw.

7. Watermelons and fried chicken are foods used in derogatory racial tropes and imagery of African Americans throughout U.S. history.

8. On October 4, 2022, Ms. Shaw lodged a complaint with NAMC's Human Resources against Dr. Flowers regarding the racially hostile behavior detailed above. Additionally, Ms. Shaw reported his racial harassment to her supervisors and managers, namely Lincoln Taylor, Erick Strickland, and Alex

9. In September of 2022 NAMC asked Ms. Shaw to sign a Code of Conduct policy due back to them on or about September 30, 2022.

10. A section of the Code of Conduct required Ms. Shaw to confirm her commitment to using transgender pronouns like "he," "she," "him," and "her" to refer to an individual's gender identity, which may differ from their sex assigned at birth.

11. Ms. Shaw voiced her disagreement with signing the Code of Conduct policy, citing her Christian religious convictions and specific biblical passages,

including, but not limited to, the belief in God creating man and woman in His own image.

12.    Ms. Shaw informed NAMC that she respects all individuals and sexual orientations, but as a Christian, she felt uncomfortable signing the policy with the pronoun requirement included.

13.    Around October 3, 2022, Ms. Shaw attended a meeting with H.R. Director Cheryl Lee, Emergency Room Director Lincoln Taylor, and Education Manager Tammy Holt. During the meeting, she was reprimanded for not signing the policy containing this requirement. They informed her that failure to sign would result in termination.

14.    Around September 16, 2022, during a discussion with NAMC's H.R. Director, Ms. Shaw informed her that she takes prescribed medication that occasionally induces a sense of calmness.

15.    In November 2022, Ms. Shaw submitted an FMLA serious health condition certification form to NAMC, indicating her diagnosis of ADHD and anxiety. Subsequently, she requested intermittent medical leave for doctors' visits. However, despite her request for FMLA leave, there was no response.

16.    On November 17, 2022, Ms. Shaw received a letter by certified mail stating that her employment with NAMC was terminated effective that day; the letter was dated November 10, 2023.

## PARTIES

17.    Ms. Shaw is an individual and a resident of the state of Alabama.

18.    Defendant North Alabama Medical Center is a healthcare company headquartered in Florence, Alabama that provides healthcare services to patients in Florence, Alabama and surrounding areas.

## SUBJECT MATTER JURISDICTION

19.    This Court has subject matter jurisdiction concerning Plaintiff's civil action pursuant to 28 U.S.C. § 1331 and § 1343, as the allegations in this civil action concern the laws of the United States of America and the deprivation of a right or privilege of a citizen of the United States.

## PERSONAL JURISDICTION

20.     Defendant North Alabama Medical Center may be served with process concerning this civil action by delivering a copy of the summons and complaint to

an officer, managing or general agent, or any agent authorized by appointment or by law to receive service of process.

## VENUE

21.    Venue is proper in the Northeastern Division of the Middle District of Alabama, since the alleged discriminatory actions of Defendant occurred in Lauderdale County, Alabama.

## ADMINISTRATIVE REMEDIES HAVE BEEN EXHAUSTED

22.    Mr. Shaw filed a Charge of Discrimination, Number 420-2023-01297, against Defendant with the Equal Employment Opportunity Commission ("EEOC") on January 13, 2023 (See Exhibit No. 1).

23.    On November 30, 2023, the EEOC issued Ms. Shaw a Dismissal and Notice of Rights Letter for EEOC Charge Number 420-2023-01297 ("Right-to-Sue Letter") (See Exhibit No. 2).

24.    Ms. Shaw has filed this present civil action within 90 days of receiving his Right-to-Sue Letter.

## FACTUAL ALLEGATIONS

25.    Plaintiff incorporates by reference the paragraphs hereinabove as though set forth fully and separately herein.

## Background

26.    Ms. Shaw started employment with the Defendants in October of 2016.

27.    Throughout her employment with Defendants, she worked as a secretary in the emergency room department.

## COUNT I
## Hostile Work Environment
## In Violation of Title VII

28.    During relevant periods of her employment with Defendant, Dr. Robert Flowers also worked as a member of the Defendants emergency room staff.

29.    Dr. Flowers is white.

30.    Ms. Shaw is African American.

31.    Around August 2, 2022, during a discussion with a traveling registered nurse named Kyle, who is white, regarding potassium pills and various foods that can increase potassium levels, Ms. Shaw expressed her fondness for bananas.   Dr.

Robert Flowers ("Dr. Flowers"), who is white, who worked for NAMC overheard the conversation and then said to her "Do you like bananas?".  When Ms. Shaw responded "yes", Dr. Flowers began making monkey sounds.

32.    Dr. Flowers' question and monkey sounds were unwelcome. Ms. Shaw was deeply offended and humiliated by Dr. Flowers' overt racially derogatory behavior.

33.    Furthermore, on August 2, 2022, Ms. Shaw overheard Dr. Flowers asking Jordan Rodgers, RN (an African American man), if he would consider it racist if he requested watermelon and fried chicken. Dr. Flowers then approached Ms. Shaw from behind while her back was turned and posed the same question.

34.    After making these racially derogatory statements, Dr. Flowers walked away and Ms. Shaw observed him laughing.  Dr. Flowers' racial comments and laughter were unwelcome and deeply offensive and humiliating to Ms. Shaw.

35.    Dr. Flowers' unwelcome racially derogatory conduct towards Ms. Shaw was severe and pervasive and altered her conditions of employment thus creating a racially abusive environment.

9

36.    NAMC knew or should have know of Dr. Flowers creating a racially abusive hostile work environment from prior incidents involving other employees as such it was on notice of his conduct and it failed to take prompt remedial action.

37.  On a prior occasion, Dr. Flowers made open and offensive comments about Ms. Shaw's body as an African American woman.

38.  To the extent that NAMC received complaints about Dr. Flowers, it failed to take prompt remedial action to end the hostile work environment employees were experiencing.

39.    Accordingly NAMC has violated Title VII concerning this Count.

## COUNT II
### Retaliation
### In Violation of Title VII

40.    Ms. Shaw incorporates by reference the paragraphs hereinabove as though set forth fully and separately herein.

41.    On or about November 17, 2022, a month after reporting that a white co-worker called her a monkey, asked her if she would call him a racist if he asked

her if she would get a watermelon and fried chicken and did not sign a document due to her religious beliefs, Ms. Shaw was abruptly sent home and then fired.

42. Defendant terminated Ms. Shaw's employment in retaliation for engaging in the protected activity.

43. Accordingly, NAMC has violated Title VII concerning this Count.

## COUNT III
### Termination
### In Violation of the ADA

44. Ms. Shaw incorporates by reference the paragraphs hereinabove as though set forth fully and separately herein.

44. Ms. Shaw notified NAMC that she had a disability.

45. Ms. Shaw was a qualified individual with a disability as she was able to perform the essential functions of her job as an emergency room secretary.

46. Defendant terminated Ms. Shaw's employment because of her disability or because it regarded her as someone with a disability.

47. Accordingly, NAMC has violated the ADA concerning this Count.

11

## COUNT IV

### Interference

### In Violation of the FMLA

48.    Ms. Shaw incorporates by reference the preceding paragraphs as though set forth fully and separately herein.

49.    In November 2022, Ms. Shaw submitted an FMLA serious health condition certification form to NAMC, indicating her diagnosis of ADHD and anxiety. Subsequently, she requested intermittent medical leave for doctors' visits. However, despite her request for FMLA leave, there was no response.

50.    Ms. Shwas was eligible to receive FMLA leave.

51.    NAMC did not allow Ms. Shaw to take FMLA leave thus interfering with her rights under the FMLA.

52.    Accordingly, NAMC has violated the ADA concerning this Count.

## COUNT V

### Retaliation

### In Violation of the FMLA

53.    Ms. Shaw incorporates by reference the preceding paragraphs as though set forth fully and separately herein.

54. In November 2022, Ms. Shaw submitted an FMLA serious health condition certification form to NAMC, indicating her diagnosis of ADHD and anxiety. Subsequently, she requested intermittent medical leave for doctors' visits. However, despite her request for FMLA leave, there was no response.

55. Ms. Shwas was eligible to receive FMLA leave.

56. Ms. Shaw engaged in FMLA protected activity by requesting FMLA leave.

57. On November 17, 2022, Ms. Shaw received a letter by certified mail stating that her employment with NAMC was terminated effective that day; the letter was dated November 10, 2023.

58. Accordingly, NAMC has violated the ADA concerning this Count.

## COUNT VI

### (Punitive Damages)

59. Ms. Shaw incorporates by reference the preceding paragraphs as though set forth fully and separately herein.

13

60.     Defendant engaged in discriminatory and retaliatory practices, as set forth herein, with malice or with reckless indifference to the federally protected rights of Plaintiff under Title VII and the ADA.

61.     Accordingly, Defendant must pay Plaintiff punitive damages in accordance with applicable law.

## JURY TRIAL DEMAND

62.     Plaintiff requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** based on the above-stated claims that Defendant has violated Plaintiff's rights afforded to her under Title VII, the ADA and the FMLA,. Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and order the following relief as allowed by law:

A. Compensatory damages, including but not limited to compensation for his emotional distress, embarrassment, mental anguish, and inconvenience;

B. Back pay and lost benefits;

C. Actual losses;

D. Punitive damages to the extent allowed by law;

E. Attorneys' fees and the costs of this action;

F.  Liquidated damages

G. Prejudgment and post-judgment interest at the highest lawful rate; and

H. Such further relief as the Court deems just and proper.

Respectfully submitted this 28th day of February 2024.

**HKM EMPLOYMENT ATTORNEYS LLP**

By: *s/ Chase Estes*[1]
HKM Employment Attorneys LLP
Chase Estes (ASB-1089-F44L)
2024 3rd Ave. North, Suite 307
Birmingham, Alabama 35203
Telephone: (205) 855-5284
cestes@hkm.com

By: s/ *Jermaine A. Walker*[2]
Jermaine "Jay" A. Walker
HKM Employment Attorneys LLP
3344 Peachtree Road NE, Suite 800

---

[1] Designated Local Counsel.

[2] Jermaine "Jay" A. Walker ("Walker") will promptly and no later than 10 days after this filing, file for admission *pro hac vice* as an attorney of record in this action. Walker is admitted to practice law before the United States District Court for the Northern District of Georgia where he regularly practices law.

Office No. 35
Atlanta, GA 30326
(Telephone) 404-301-4020
(Fax) 404-301-4020
jwalker@hkm.com


**Attorneys for Plaintiff**